UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-22433-CIV-HUCK/SIMONTON

LARRY KLAYMAN,

    Plaintiff,

v.

FREEDOM'S WATCH, INC., et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' ORE TENUS MOTION TO COMPEL

Presently pending before the Court are Defendants' Motion For Protective Order Precluding Deposition of Attorneys Benjamin Ginsberg and William McGinley (DE # 80) and Defendants' Ore Tenus Motion To Compel Plaintiff To Comply With Court's Discovery Order (DE # 85).  These motions are referred to the undersigned Magistrate Judge (DE # 12).  Pursuant to the Court's Order, Plaintiff has submitted a response to the motion for protective order.[1]  Defendants have replied in support of their motion for protective order (DE # 84).  On December 14, 2007, a hearing was held on the motions.  For the reasons stated below, Defendants' motion for protective order is granted and Plaintiff is precluded from deposing attorneys Ginsberg and McGinley, and Defendants' ore tenus motion to compel is granted.

    I.  **Background**

Plaintiff has filed a six-count Complaint against Defendants alleging: Trademark Dilution, as prohibited by 15 U.S.C. § 1125(c)(1) (Count One); False Designation of

---

[1] While Plaintiff has served his response in opposition to the motion for protective order on the Court and on Defendants, he has not yet filed it with the Court.

Origin, as prohibited by 15 U.S.C. § 1125(a), in which he alleges willful and wanton conduct to support a claim for treble damages, punitive damages and costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a) (Count Two); Florida Trademark Infringement, as prohibited by common law and Fla. Stat. § 495.131 (Count Three); Florida Trademark dilution, as prohibited by Fla. Stat. § 495.151 (Count Four); Unfair Competition, as prohibited by Florida law (Count Five); and Florida Common Law Trademark Infringement (Count Six) (DE # 1).  In general terms, Plaintiff contends that he is the owner of the Trademark "FREEDOM WATCH" and the Chairman of FREEDOM WATCH, INC., a 501(c)(3) non-profit public interest foundation with the mission of promoting and protecting freedom both domestically and abroad.  Plaintiff contends that the use of the name "Freedom's Watch" by the corporate and individual defendants has violated his common law and statutory trademark rights.  Plaintiff alleges that the corporate defendant, Freedom's Watch, Inc., claims to be a 501(c)(4) non-profit foundation which was established to support the current war in Iraq and increase support for the President's troop surge policy in Iraq.  Plaintiff alleges specifically that "[t]he unlawful infringement and use of the FREEDOM WATCH name in conjunction with the promotion and furtherance of the Iraq war destroys the real FREEDOM WATCH trademark as KLAYMAN and his FREEDOM WATCH, while supportive of removing Saddam Hussein, stand for the position that the Iraq war does not promote freedom but in fact damages it as the Iraqi people are incapable of and are in fact opposed to democracy.  The civil war in Iraq demonstrates that Iraq has become little more than a refuge for terrorism in the midst of a bloody and fruitless civil war with no end in sight.  Thus, DEFENDANTS are not in any way affiliated or associated with KLAYMAN or the real FREEDOM WATCH and they have absolutely no legal right or authority to use,

market, advertise, damage and destroy the FREEDOM WATCH mark." (DE # 1 at 8, ¶ 37).

In their answer, Defendants deny that they have infringed any trademark belonging to Plaintiff, and deny that the "Freedom Watch" mark is distinctive and has become associated with Plaintiff. Defendants affirmatively assert that Plaintiff does not own the mark "Freedom Watch," and lacks standing to bring this action, and also contend that Defendants' use of the term "Freedom's Watch" is a fair use of that term (DE # 21).

These motions follow.

## II. The Motions

### A. Defendants' Motion For Protective Order

#### 1. Defendants' Motion

In support of their motion for protective order, Defendants assert that depositions of a party's attorney are disfavored, and that Plaintiff cannot show good cause to take the depositions, in that Plaintiff can not show that 1) no other means exist to obtain the information than to depose opposing counsel; 2) the information sought is relevant and non-privileged; and 3) the information is crucial to the preparation of Plaintiff's case. Specifically, Defendants assert that Plaintiff has already obtained through deposition and documents discovery the non-privileged information regarding 1) the decision to use the name "Freedom's Watch"; 2) the trademark search; 3) Defendant Freedom Watch's incorporation in the District of Columbia; and 4) Defendant Freedom Watch's application for federal tax exemption.

In support of their position, Defendants assert that attorneys McGinley and Ginsberg 1) have, since May 2007, have served as legal counsel to Defendants in connection with the formation and operation of Defendant Freedom's Watch, including

3

legal issues with respect to the adoption of its name; 2) have been actively involved with the investigation and defense of this case since August 24, 2007, even though they have not filed notices of appearance in this case; 3) provide ongoing legal advice to Defendants with respect to a wide variety of issues relating to Freedom's Watch's compliance with federal and state law; and 4) in connection with their representation of Defendants, they have had confidential attorney-client communications with Defendants both individually and collectively.  Moreover, to the best of the knowledge of attorneys McGinley and Ginsberg, any non-privileged factual information that they possess concerning the selection of the name "Freedom's Watch", trademark searches done in connection with the selection of the name "Freedom's Watch" and issues relating to the incorporation of Defendant Freedom's Watch is duplicative of information possessed by the individual Defendants and of information contained in non-privileged documents which Defendants have produced in discovery.

Thus, Defendants assert that Plaintiff has already obtained non-privileged information concerning how the name "Freedom's Watch" was selected, and that the non-privileged information possessed by attorneys McGinley and Ginsberg is cumulative to the information already provided to Plaintiff.  Moreover, Defendants stated that they have not waived their attorney-client privilege, have not asserted an advice-of counsel defense and do not otherwise seek to rely on testimony or on any advice received from attorneys McGinley and Ginsberg in this litigation.  Defendants point out the danger that the small amount of non-privileged information possessed by attorneys McGinley and Ginsberg is intertwined with their much greater store of privileged information regarding their representation of Defendants in this litigation, which creates a danger that the requested depositions will implicate protected communications (DE # 81).

2. <u>Plaintiff''s Opposition</u>

In his opposition to the motion for protective order, Plaintiff asserts that attorneys McGinley and Ginsberg admit in their affidavits that they were involved in the formation of Defendant Freedom's Watch, and that documents produced by Defendants show that attorney Ginsberg was also involved in the actual naming process of Defendant Freedom's Watch.  Plaintiff contends that there has been no showing that depositions of attorneys McGinley and Ginsberg would implicate attorney work product because there has been no showing that Defendants anticipated litigation when they contacted attorneys McGinley and Ginsberg in May 2007 to ascertain whether there was a trademark on the name "Freedom's Watch".  Plaintiff further contends that information pertaining to whether a trademark search was made, identification of the search and its source and whether a party consulted with an attorney on the availability of a trademark are not privileged.  In conclusion, Plaintiff asserts that these matters are relevant both to Defendants' liability and Plaintiff's damages, and that Defendants cannot use these purported privileges as both a sword and a shield.

3. <u>Defendants' Reply</u>

In their reply, Defendants assert that Plaintiff's opposition does not addressed either the legal standard which governs the deposition of a party's attorney and that or the documentary taken to date.  Defendants specifically note that Plaintiff's opposition does not: 1) dispute the affidavits of McGinley and Ginsberg that Plaintiff's proposed deposition topics -- concerning the use of Plaintiff's alleged Freedom Watch mark and attorneys McGinley and Ginsberg's involvement in the actual naming process of Defendant Freedom's Watch - - encompass privileged attorney-client communication with Defendants; 2) attempt to show that no other means exist to obtain any non-

5

privileged information that attorneys McGinley and Ginsberg have on these topics; 3) or respond to Defendants' showing that any non-privileged information that attorneys McGinley and Ginsberg have on these topics is cumulative in light of Defendants' depositions and Defendants' document production.  Finally, Defendant assert that the depositions and the documents produced confirm that attorneys McGinley and Ginsberg did not propose names for Defendant Freedom's Watch, but were informed of the names by the individual Defendants, and that the non-privileged information known to attorneys McGinley and Ginsberg is not crucial to Plaintiff's case (DE # 84).

    **4.  <u>The Motion for Protective Order Is Granted</u>**

Plaintiff has not shown that deposition of Defendants' attorneys is either necessary or proper.  Nor has Plaintiff overcome the presumption that this deposition would harass Defendants' attorneys and Defendants.  For these reasons, Defendants' Motion for Protective Order is granted.

In *West Peninsular Title Co. v Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990),  this Court set forth the test that must be met to allow the deposition of a party's attorney.  This Court found that the depositions of attorneys inherently constitute an invitation to harass the attorney and parties and to disrupt and delay the case.  The Court, moreover, found that burdens are placed on attorneys and the attorney-client privilege is threatened when a party seeks to depose the attorney of another party.

This Court held, therefore, that the party seeking the deposition has the burden of overcoming these presumptions.  The party seeking the deposition must show the propriety and need for the deposition by demonstrating that the deposition is the only practical means of obtaining the information and that other methods of discovery, such as written interrogatories, cannot be employed.  *Id*. at 302.  *Accord Cox v. Administrator*

*U. S. Steel and Carnegie*, 17 F.3d 1386, 1423 (11th Cir. 1994) (affirming lower court's ruling that defendants' attorney could only be deposed by written questions because of plaintiffs' continuing efforts to breach defendants' attorney client privilege); *Steinig v. McDonald's Corporation*, 1998 WL 1064841 (S.D. Fla. Jan. 12, 1998).  The party seeking the deposition must also show that the information sought 1) is relevant; 2) its need outweighs the dangers of deposing a party's attorney; and 3) the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege.  *Id.* at 302-03.

Plaintiff has not shown good cause to take the requested depositions. For example, Plaintiff has not shown that the information sought in the depositions of attorneys Ginsberg and McGinley is relevant and non-privileged.  Plaintiff has not disputed the affidavits of attorneys McGinley and Ginsberg which state that Plaintiff's proposed deposition topics encompass privileged attorney-client communications with Defendants.

Furthermore, Plaintiff has neither attempted to show that no other means exist to obtain any non-privileged information that attorneys McGinley and Ginsberg have on these topics nor responded to Defendants' showing that any non-privileged information that attorneys McGinley and Ginsberg have on these topics is cumulative in light of Defendants' depositions and Defendants' document production.  Defendants have shown that Plaintiff has already obtained through deposition and documents discovery the non-privileged information regarding 1) the decision to use the name "Freedom's Watch"; 2) the trademark search; 3) Defendant Freedom Watch's incorporation in the District of Columbia; and 4) Defendant Freedom Watch's application for federal tax exemption.  Thus, it appears that Plaintiff has already utilized other means to obtain the

non-privileged information sought by deposing attorneys McGinley and Ginsberg. Plaintiff's failure to show why the information sought from Defendants' counsel could not be obtained through other methods of discovery standing alone is a sufficient ground upon which to grant the protective order. For example, at the hearing, Plaintiff asserted that he needed to depose attorneys McGinley and Ginsberg to ascertain the date on which the trademark search was performed. Defendants then provided the Court with a copy of the trademark search which had been provided to Plaintiff, which contained the electronically generated date of the search. *See* Defendants' Exhibit 1. Similarly, as Defendants demonstrated at the hearing that through deposition discovery, Plaintiff has obtained information concerning when the name "Freedom Watch" was proposed, and when the domain name was purchased, any request for non-privileged information on this issue from attorneys McGinley and Ginsberg would be cumulative.

    Finally, Plaintiff has not addressed Defendants' assertion that the non-privileged information known to attorneys McGinley and Ginsberg is not crucial to Plaintiff's case. Plaintiff has not attempted to controvert Defendants' assertion that the depositions of the individual Defendants and the documents produced confirm that attorneys McGinley and Ginsberg did not propose names for Defendant Freedom's Watch, but were informed of the names by the individual Defendants.

    As Plaintiff has already received the information he seeks, he is not entitled to depose Defendants' attorneys simply because he does not like the answers it has received on the subject from the individual Defendants at deposition, and through document discovery.

    Plaintiff is correct in asserting that information pertaining to whether a trademark search was made and identification of the search and its source are not privileged.

However, it is undisputed that Defendants have provided Plaintiff with a copy of the trademark search itself and that Plaintiff has questioned the individual Defendants at deposition about the steps they took to commission the search (DE # 81 at 8). Moreover, Defendants state that communications between counsel and client regarding the trademark search which provide legal conclusions and advice are privileged. *See McKesson Information Solutions v. Epic Systems*, 242 F.R.D. 689, 694 (N.D. Ga. 2007). Even the cases relied on by Plaintiff hold that the opinion of a patent attorney based on a search of trademark registrations and patents and letters between an inventor and his patent attorney are all privileged attorney-client communications. *See EZ Loader Boat Trailers, Inc. v. Shoreline Trailer Sales, Inc.*, 1979 WL 25041 (N.D. Tex. Dec. 6, 1979); *Masterpiece of Pennsylvania, Inc. v. Consolidated Novelty Co.*, 1974 WL 20487 (S.D.N.Y. May 14, 1974) (a party must produce a trademark search which does not contain a communication to or from an attorney). None of the cases relied on by Plaintiff consider when a party may take the deposition of its adversary's attorney, but all concern discovery of trademark and/or patent searches sought from a party. It is undisputed that Defendants have already produced the trademark search to Plaintiff. Thus, the cases cited by Plaintiff are not useful with respect to the resolution of the instant motion.

Thus, because Defendants have established that a deposition of their attorneys would be unduly burdensome and would impinge upon the attorney-client privilege and because Plaintiff has not shown the propriety and need for the deposition of Defendants' counsel, Defendants' Motion for Protective Order is granted.

B. <u>Defendants' Ore Tenus Motion To Compel</u>

At the hearing, Defendants orally moved to compel Plaintiff to produce documents responsive to paragraph 5 of this Court's November 29, 2007 order on

Defendants' discovery motions, which ordered Plaintiff to produce copies of invoices and correspondence concerning advertisements, and other documents which reflect proof of such expenditures. Defendants asserted that at the December 12, 2007, deposition of Philip Sheldon, held in the Eastern District of Pennsylvania, Plaintiff had instructed Sheldon not to produce to Defendants documents relating to newspaper advertisements placed by Plaintiff, which were responsive to the deposition subpoena. Defendants asserted that Plaintiff had stated that he did not want Sheldon to produce the documents until Plaintiff had the chance to review them. At the hearing, Plaintiff did not dispute that the documents at issue are responsive to paragraph 5 of this Court's November 29, 2007 order on Defendants' discovery motions. It appears that the only barrier to production of these documents by witness Sheldon is the control over them which Plaintiff has asserted. To that extent, Plaintiff is ordered to use his control over these documents to authorize production, or to assert a claim of privilege.

Therefore, by the close of business on Tuesday, December 18, 2007, Plaintiff shall either produce, authorize the release by non-party Philip Sheldon, or file a privilege log regarding all documents which are responsive to paragraph 5 of this Court's November 29, 2007 order on Defendants' discovery motions.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion For Protective Order Precluding Deposition of Attorneys Benjamin Ginsberg and William McGinley (DE # 80), is **GRANTED**, and Plaintiff is precluded from deposing attorneys Ginsberg and McGinley. It is further

**ORDERED AND ADJUDGED** that Defendants' Ore Tenus Motion To Compel

**Plaintiff To Comply With Court's Discovery Order (DE # 85)**, is **GRANTED**.  By the close of business on Tuesday, December 18, 2007, Plaintiff shall either produce, authorize the release by non-party Philip Sheldon, or file a privilege log regarding all documents which are responsive to paragraph 5 of this Court's November 29, 2007 order on Defendants' discovery motions.

**DONE AND ORDERED** in chambers in Miami, Florida, on December 14, 2007.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
The Honorable Paul C. Huck,
    United States District Judge
All counsel of record