UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22433-CIV-HUCK/O'SULLIVAN

LARRY E. KLAYMAN,

       Plaintiff,

v.

FREEDOM'S WATCH, INC., BRADLEY
BLAKEMAN, ARI FLEISCHER, MEL
SEMBLER, WILLIAM P. WEIDNER,
and MATTHEW BROOKS,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the Defendants Freedom's Watch, Bradley Blakeman, Ari Fleischer, Mel Sembler, William P. Weidner, and Matthew Brooks' Amended Motion for Taxation of Costs (DE #152, 4/24/08). This matter was referred to United States Magistrate Judge John J. O'Sullivan by United States District Court Judge Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b).   Having reviewed the applicable filings and law, the undersigned respectfully recommends that the Defendants Freedom's Watch, Bradley Blakeman, Ari Fleischer, Mel Sembler, William P. Weidner, and Matthew Brooks' Amended Motion for Taxation of Costs (DE #152, 4/24/08) be GRANTED IN PART and DENIED IN PART as more fully explained below.

## ANALYSIS

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise

directs."   "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded."   See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 ( D. Kan. 1994).   The defendants prevailed in the case at bar and, therefore, are entitled to receive costs recoverable under 28 U.S.C. § 1920.   A court may only tax those costs which are specifically authorized by statute. See Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

The plaintiff asserts that neither the Defendants' Motion to Tax Costs nor the Amended Motion for Taxation of Costs were filed within 14 days of entry of judgment and are untimely as well as void under Rule 54  (DE #172). The district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees. *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 454 (1982).  Pursuant to this authority, the United States District Court for the Southern District of Florida has promulgated Local Rule 7.3 which provides:

> Any motion for attorneys fees and/or costs: (I) must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; (ii) must state the amount or provide a fair estimate of the amount sought; (iii) shall disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made; (iv) describe in detail the number of hours reasonably expended, the bases for those hours, the hourly rate(s) charged, and identity of the timekeeper(s); (v) shall describe in detail all reimbursable expenses; (vi) shall be verified; (vii) shall be supported by an affidavit of an expert witness; and (vii) shall be filed and served within thirty days of entry of a Final Judgment or other appealable order that gives rise to a right to attorneys fees and/or costs. Any such motion shall be accompanied by a certification that counsel has fully reviewed the time records and supporting data and that the motion is well grounded in fact and justified. Prior to filing a motion for attorneys fees and/or costs, counsel shall confer with opposing counsel and make a certified statement in the

motion in accordance with Local Rule 7.1.A.3. The motion shall also state whether a hearing is requested by any party and indicate the length of time desired for hearing. The prospects or pendency of supplemental review or appellate proceedings shall not toll or otherwise extend the time for filing a motion for fees and/or costs with the Court.

S.D. Fla. L.R. 7.3 (April 2001).  Local Rules "have the force and effect of law, and are binding upon the parties and the court which promulgated them. . ."  *Peasley v. Armstrong World Industries, Inc.*, 128 F.R.D. 681 (S.D. Fla. 1989)(Scott)(citing *Woods Construction Co. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888, 890 (10th Cir. 1964).

In 1999, Local Rule 7.3 was amended to clarify that a motion for fees and costs must only be filed when a judgment or appealable order has been entered in the matter.  In the Comments Section, the Court specifically provides that, "*in no event may a motion for fees or costs be made later than the date provided for in this rule.*"  Local Rule 7.3 provides 30 days for the filing of a costs motion.  The instant motion was filed within the 30 day requisite time period. Accordingly, the application is timely under the Local Rules and the plaintiff's argument regarding the 14 day time allowance fails.  *Watkins v. McMillan*, 779 F.2d 1465 (11th Cir. 1985) (*per curiam*) (enforcing local rule setting time limits for filing claims for attorney's fees).

The plaintiff's Opposition to Defendant's Amended Motion for Taxation of Costs (DE #172, 7/01/08) asserts that although summary judgment was granted, the matter is on appeal and the taxation of costs should be stayed pending exhaustion of appellate remedies.  A district court may award costs even while the substantive appeal is pending.  Baldauf v. Davidson, 2008 WL 711703 (S.D. Ind March 14, 2008); Lorenz v. Valley Forge Ins. Co., 23 F.3d 1259, 1260 (7th Cir. 1994; McCloud v. City of Sunbury, 2006 U.S. Dist. LEXIS 9187 (M.D. Pa. 2006) (finding no merit to a motion seeking a stay of motion for attorney's fees pending the outcome of an appeal).

Accordingly, the undersigned will rule on this motion even though an appeal is pending.

The plaintiff claims a very limited amount of financial resources due to his being a sole practitioner (DE #172, 7/01/08). Fed. R. Civ. P. 54(d) provides, in pertinent part, "the indigence of a non-prevailing litigant per se does not preclude taxation of costs against that party."  The court must consider the ability to pay of the party subject to the costs.  Bullard v. Downs, 161 Fed. Appx. 886, 889 (11th Cir. 2006). However, limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party. Pickett v. Iowa Beef Processors, 149 Fed. Appx. 831, 832 (11th Cir. 2005). Given the financial circumstances of the non-prevailing party, the amount of costs must not be so large that they conflict with a common sense amount.  Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1337 (11th Cir. 2002).  Here, there is no showing that the plaintiff is incapable of paying the prevailing party's costs in the present or in the future, accordingly, the undersigned recommends that costs be assessed against the plaintiff in the case at bar.

Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following:

> (1)    Fees of the clerk and marshal;
>
> (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)    Fees and disbursements for printing and witnesses;
>
> (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5)    Docket fees under section 1923 of this title;

      (6)      Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920.  Generally, "the trial court in the exercise of sound discretion may tax all reasonable expenses incurred by a prevailing party under the . . .  headings listed in §1920 and under Rule 54(d)."  Principe v. McDonald's Corp., 95 F.R.D. 34, 36 (E.D. Va. 1982).

      Accordingly, the undersigned recommends the following costs be awarded:

1.     Depositions

      The defendants seek an award of costs associated with the court reporter fees and video, electronic and stenographic deposition transcript expenses. 28 U.S.C. §1920(2) states that "a judge or clerk of any court of the United States may tax as costs the fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The defendants seek reimbursement in the amount of $33,047.43. The plaintiff has objected to the fees as grossly excessive. The defendants assert that the fees were necessary because all of the deponents were expected to be witnesses at trial and/or provided testimony used in the court filings. The undersigned finds that only a portion of the costs of the deposition transcripts for which the defendants seek reimbursement was necessarily obtained for use in the case. EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir. 2000).  It is within the court's discretion to tax the cost of videotaping and transcribing a deposition only when both are necessarily obtained for use in the case.  Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997).  The defendant has not demonstrated the necessity of both a videotape and transcription of any of the claimed depositions.  The undersigned recommends that the defendants be awarded costs associated with

5

either videotaping a deposition or a transcript.  ASCII disks, expedited shipping charges, miniscripts and other charges are surplus and are not covered as deposition fees under 28 U.S.C. § 1920(2).

The defendant requests $2,346.86 for transcripts of six of the discovery hearings and telephone status conferences.  The fees for discovery hearings and status conferences are reasonable, fall within those costs permitted under the statute, and should be awarded.  The undersigned recommends that transcripts for six of the discovery hearings and telephonic status conference fees in the requested amount of **$2,346.86** be permitted.

The defendants request $280.00 for the costs associated with the telephonic status and scheduling conference on October 29, 2007.  The fee of $4.50 for the ASCII disk is not recoverable.  The cost award for the telephonic status and scheduling conference held on October 29, 2007, should be reduced to **$275.50**.

The defendants request $2,750.10 for Mel Sembler's deposition held on November 13, 2007.  This amount includes the costs for both a transcript and video.  The undersigned recommends awarding the costs associated with the transcript not the video.  The fees of $391.50 and $7.50 associated with ASCII disks are not recoverable.  Costs will only be awarded for ground shipping costs, but not any expedited forms of shipping. Accordingly, the fees of $55.00 for the expedited two-day delivery of the transcript are not recoverable.  In addition to the deposition of Mel Sembler, there were also costs related to a video deposition of Mel Sembler. The undersigned will only allow costs for the deposition, not the video deposition.  Accordingly, the fees of $170.00 and $340.00 for video depositions and associated DVD copies as well as the $85.00 for next-day expedited delivery of the video deposition, $35.00 for overnight delivery of

the video deposition, and the additional $35.00 charge for FedEx shipping of the additional video deposition, are not recoverable.  The cost award for Mel Sembler's deposition should be reduced by $1,119.00 to **1,631.10**.

The defendants request $5,063.67 for the costs associated with the deposition of Matthew Brooks and William Weidner on November 14, 2007.  The defendants do not request reimbursement for costs of videotaping these two depositions.  The fees of $795.00, $633.75 for expedited shipping costs of the transcript copies are not recoverable.  It is unclear whether the $60.92 UPS charge is for expedited shipping charges, therefore, the undersigned declines to recommend this cost be awarded.  The fees of $371.00 and $295.75 for the ASCII disks of these depositions are not recoverable.  The fees of $22.50 for the e-transcript of Matthew Brooks' deposition and $22.50 for the e-transcript of William Weidner's deposition are not recoverable. Administrative fees in the amount of $50.00 for the deposition of Matthew Brooks and $50.00 for the deposition of William Weidner are allowed along with the cost of stenographic transcripts. The amount awarded for the deposition of Matthew Brooks and William Weidner should be reduced by $2,201.42 to **2,862.25**.

The defendants request $3,810.00 for costs associated with Bradley Blakeman's deposition held on November 15, 2007.  This amount is only for transcript costs, no video costs are requested for this deposition.  The fee of $1,039.50 for expedited shipping costs is not recoverable.  The fee of $519.75 for ASCII disks is not recoverable.  The fee of $22.50 for e-transcripts and the $25.00 fee for the word index and condensed copy of transcript are not recoverable.  The fee of $50.00 for administrative fees is recoverable. The amount of reimbursement for Bradley Blakeman's deposition should be reduced by $1,606.75 to **2,203.25**.

The defendants request reimbursement in the amount of $4,150.80 for Ari Fleisher's deposition held on November 16, 2007.  This reimbursement request is for both transcript costs and video costs.  The fee of $804.56 for expedited shipping costs is not recoverable.  The fee of $395.50 for ASCII disks is not recoverable.  The fee of $452.00 for real time is not recoverable. The fee of $22.50 for e-transcripts and the $25.00 fee for the word index and condensed copy of transcript are not recoverable.  The fee of $50.00 for administrative fees is recoverable.  It is not clear if the $26.10 UPS charge is for regular or expedited delivery, accordingly, the undersigned doesn't recommend recovery for this costs.  The fee of $847.50 for a confidential certified copy of the deposition of Ari Fleisher is recoverable.  The two requests for $300.00 for  CD-rom copies of the deposition are not recoverable.  The two requests for $40.07 each  for shipping charges for additional CD-rom copies of the deposition are not recoverable.  The amount awarded for the deposition of Ari Fleisher should be reduced by $2,405.80 to **$1,745.00**.

The defendants request $5,687.65 for Larry Klayman's first deposition held on November 20, 2007. This request includes both transcript costs and video costs.  The undersigned is unable to determine the transcript costs as these costs are grouped together with expedited fees, the undersigned recommends an award for the video costs, for which he is able to determine the proper costs.  Accordingly, the undersigned recommends disallowing the transcript costs outlined on page 54 of DE # 152-2 and awarding the permitted video costs.  The undersigned notes, however, that even if transcript costs were to be awarded, the defendants may not recover costs for expedited shipping charges, real time costs or ASCII disks.  With respect to the video charges, the fee of $175.00 for additional DVD's is not recoverable, and the storage charges in the amount of $40.00 for holding tapes is not recoverable.  The $872.50 cost for the video deposition, the $50.00

cost for the five master tapes used and $13.25 for postage and handling are allowed.  The recommended amount of reimbursement for Larry Klayman's first deposition should be reduced by $4,751.90 to **$935.75**.

The documents that support the cost request for Larry Klayman's second deposition held on December 6, 2007, fail to delineate costs on the receipt. This deposition was transcribed as well as videotaped.  The defendants request $5,397.90 for the December 6, 2007, deposition.  The undersigned recommends only recovery for the video portion of day two of Larry Klayman's deposition be permitted under 28 U.S.C. §1920(2), which the undersigned estimates to be approximately $900.00, based on the recommended cost award of Larry Klayman's first deposition held on November 20, 2007. Even if the transcript costs were to be awarded, the estimated costs for ASCII disks, expedited shipping charges, CD's, electronic files, and miniscript, would  not be allowed. The undersigned recommends that the amount awarded should be reduced by $4,497.90 to **$900.00** for the second day of Larry Klayman's deposition.

The defendants request $2,077.95 in reimbursement for the deposition of Paul Rodriguez held on December 7, 2007.  This request is for both a video and transcript.  The defendants fail to itemize the particular costs on the receipt.  Only $500.00 for the original transcript of Paul Rodriguez should be allowed.  The $500.00 is an approximation of the costs because the defendants fail to itemize the costs relating to the deposition costs.  The costs for ASCII disks, expedited shipping charges, CD's, electronic files, miniscript, VHS encoding, and videographer appearance fee are not recoverable.  The amount awarded for the deposition of Paul Rodriguez should be reduced by $1,577.95 to **$500.00**.

The defendants request $855.00 for the video services of Phillip Sheldon's deposition held

9

on December 12, 2007.  The undersigned recommends the defendants be awarded **$855.00** for this deposition.

The defendants request $627.50 for the video service for the deposition of Russell Verney on December 18, 2007.  All of these costs are recoverable under 28 U.S.C. §1920.  The undersigned recommends the defendants be awarded **$627.50** for this deposition.

Accordingly, the undersigned recommends the Defendants be awarded ***$14,882.21*** for costs associated with depositions.

2.    <u>Document Reproduction and Photocopies</u>

The defendants request reimbursement in the amount of $3,019.55 for fees associated with exemplification and copies of papers. The undersigned recommends that the defendants be awarded their costs and expenses associated with the photocopies.   28 U.S.C. §1920(4) allows for recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case." <u>W&O</u>, 213 F.3d at 622. The copying fees include copies of documents received and produced in party and non-party discovery; service copies of pleadings, motions and discovery; deposition exhibits; and documents and other papers required to be filed under seal (¶8, DE #152-1, 4/24/08). The undersigned finds that the requested photocopy fees were necessarily incurred during the course of litigation. The defendants, therefore, should be awarded ***$3,019.55*** for costs and expenses associated with photocopies.

3.    <u>Subpoena Fees</u>

The undersigned recommends that service of summons and subpoena fees in the requested amount of ***$492.50*** be permitted.  The service and witness fees claimed by the defendant are reasonable, fall within those costs permitted under the statute, and should be awarded.

4.      Third-party vendor expenses and consultant fees

_____The defendants request reimbursement for third-party vendor expenses and consultant fees

to collect, preserve, inventory, code and image electronically stored information in the amount of

$167,535.59.  These costs are not expressly outlined by 28 U.S.C. § 1920.  Costs for creating a

litigation database, trial evidence presentation, and copies are recoverable under 28 U.S.C. §

1920(4) where it is necessary due to the extreme complexity of the case and the organization of

millions of documents. Lockheed Martin Idaho Techs. Co. V. Lockheed Martin Advanced

Environmental Sys., Inc. 2006 WL 2095876 (D. Idaho July 27, 2006).  However, the defendants

have failed to demonstrate that these costs were necessary in this case.  The undersigned

recommends that none of these costs be awarded.

        In accordance with the above and foregoing, it is hereby

        **RECOMMENDED** that the defendant be awarded *$18,394.26* in costs. The parties may

file and serve written objections to this Report and Recommendation with the Honorable Paul

Huck, United States District Judge, within ten (10) days of receipt.  See 28 U.S.C. § 636(b)(1)(c);

United States v. Warren, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); and

Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140

(1985).  Failure to file objections timely shall bar the parties from a *de novo* determination by the

District Judge of an issue covered in this Report and Recommendation and shall bar the parties

from attacking on appeal factual findings accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice.  *See* 28 U.S.C. § 636(b)(1); <u>Nettles v. Wainwright</u>,

677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc).

      DONE and ORDERED, in chambers, in Miami, Florida, this 7th day of August, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Court Judge Huck
All Counsel of Record

12