UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22433-CIV-HUCK/O'SULLIVAN

LARRY E. KLAYMAN,

    Plaintiff,

v.

FREEDOM'S WATCH, INC., BRADLEY
BLAKEMAN, ARI FLEISCHER, MEL
SEMBLER, WILLIAM P. WEIDNER,
and MATTHEW BROOKS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the Defendants Freedom's Watch, Bradley Blakeman, Ari Fleischer, Mel Sembler, William P. Weidner, and Matthew Brooks' Second Amended Motion for Taxation of Costs (DE #188, 9/22/08). This matter was referred to United States Magistrate Judge John J. O'Sullivan by United States District Court Judge Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). Having reviewed the applicable filings and law, the undersigned respectfully recommends that the Defendants Freedom's Watch, Bradley Blakeman, Ari Fleischer, Mel Sembler, William P. Weidner, and Matthew Brooks' Second Amended Motion for Taxation of Costs (DE #188, 9/22/08) be DENIED as more fully explained below.

## ANALYSIS

This matter is before the Court on the issue of electronic discovery expenses only. The undersigned previously issued a Report and Recommendation as to the other

costs requested by the defendants.  The undersigned was directed by Judge Huck to issue a report and recommendation as to electronic discovery expenses (DE# 186, 9/12/08).  Accordingly, the undersigned issues the following Report and Recommendation.

The defendants ask the Court to award the defendants costs of $150,000.00 for expenses they incurred in collecting electronic material for discovery.  The defendants hired an outside firm to collect the electronic documents.  The outside firm charged from $175.00 to $600.00 per hour to perform their search for electronic documents.  The average hourly charge was approximately $350.00 per hour.[1]

The defendants cite to Lockheed Martin Idaho Technologies Co. v. Lockheed Martin Advanced Environmental Systems, Inc., 2006 WL 2095876 (D. Idaho), to support their claim for costs.  In Lockheed, the district court in Idaho allowed the plaintiff to tax costs pursuant to 28 U.S.C. § 1920(4) for $4.6 million expended by the plaintiff for the creation of a litigation database.  28 U.S.C. § 1920(4) allows for the taxation of costs for "fees for exemplification and copies of papers necessarily obtained for use in the case."

The defendants in the case at hand have not explained how the $150,000.00 paid to an outside consultant to collect documents is allowed as reasonable costs under 28 U.S.C. § 1920(4). It appears that the defendants hired experts at a huge hourly cost to search for and retrieve discoverable electronic documents.  In a non-electronic document case this work would be performed by paralegals and associate attorneys and

---

[1] In addition, the defendants request to be reimbursed for airfare, hotels, car service, parking, meals, cell phone and FedEx charges incurred by their hired consultants.

would not be compensable as costs under 28 U.S.C. § 1920.  The only costs that would be reimbursable would be the actual cost of the photocopy (at perhaps 15 cents per copy), not the hourly costs of collecting the documents. A court may only tax those costs which are specifically authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The defendants' request for fees regarding electronic discovery expenses should be denied.

In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the defendants not be awarded costs associated with electronic discovery expenses and that the Defendants Freedom's Watch, Bradley Blakeman, Ari Fleischer, Mel Sembler, William P. Weidner, and Matthew Brooks' Second Amended Motion for Taxation of Costs (DE #188, 9/22/08) be DENIED. The parties may file and serve written objections to this Report and Recommendation with the Honorable Paul Huck, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. § 636(b)(1)(c);  United States v. Warren, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); and Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and Recommendation and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *See* 28 U.S.C. § 636(b)(1); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc).

DONE and ORDERED, in chambers, in Miami, Florida, this 18th day of November, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Court Judge Huck
All Counsel of Record